UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:01-CR-56 |
| | ) | |
| GARY NIXON | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on August 15, 2005. At this hearing, the defendant stipulated that he had committed the violations of the conditions of supervised release set forth as violations one (1) through three (3) of the petition for warrant for offender under supervision. It is uncontested the defendant's violation guideline range is now six (6) months to twelve (12) months. The defendant requested that he be sentenced to twelve months and one day.

Therefore, the Court finds that the defendant has violated the terms of his supervised release, and it is hereby **ORDERED** that his term of supervised release is **REVOKED**. It is **ORDERED** that he is sentenced to serve a term of incarceration of twelve (12) months and one (1) day, and that this term of imprisonment shall be followed by a twenty-three (23) months and twenty-nine (29) days term of supervised release. The Court **FINDS** that this sentence, which is slightly outside the guideline

range, is a reasonable sentence taking into consideration the defendant's violation, the factors set forth in 18 *U.S.C.* §3553(a), and the defendant's request that he be sentenced to one day in addition to the upper end of the guideline range. The defendant shall also cooperate in the collection of DNA.

During his term of supervised release, the defendant shall be subject to the standard conditions and special conditions of supervised release set forth in the judgment. In addition, the defendant shall be subject to the following special conditions:

> 1. The defendant shall participate in a program of mental health treatment as directed by the probation officer, until such time as released by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow the release of information to the Supervising United States Probation Officer, and to authorize open communication between the probation officer and the mental health treatment provider.
>
> 2. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

It is hereby **RECOMMENDED** that the defendant be designated to the federal facility at Petersburg, Virginia, or, failing that, some other facility near Chesapeake, Virginia, and that the defendant receive mental health treatment while incarcerated.

The defendant is remanded to the custody of the United States Marshal.

ENTER:

                                          s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE